**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BRUCE WAYNE HUEY,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **Case No. 5:20-cv-00325-MTT-CHW** |
| | : | |
| **DARRIN MYERS,** | : | **Proceedings Under 28 U.S.C. § 2254** |
| | : | **Before the U.S. Magistrate Judge** |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Before the Court is Petitioner Bruce Wayne Huey's application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. (Doc. 1). For the reasons stated below, it is **RECOMMENDED** that Petitioner's application be **DENIED**. It is further **ORDERED** that Petitioner's successive motion to expand the record (Doc. 31) is **DENIED**.

## PROCEDURAL HISTORY

On February 24, 2009, in the Superior Court of Houston County, a grand jury indicted Petitioner on the following charges: two counts of aggravated child molestation, two counts of child molestation, statutory rape, enticing a child for indecent purposes, and reckless conduct. (Doc. 13-10, pp. 170-73). A jury trial commenced in March 2010, but resulted in a mistrial due to a hung jury. (Doc. 13-11, p. 69). Prior to the close of the first trial, the trial court granted a directed verdict and entered a *nolle prosequi* order on the reckless conduct charge. (*Id*. at 104-05). At a second trial held in July 2010, a jury found Petitioner guilty on the six remaining counts. (*Id*. at 61-62). Petitioner received the following sentences: concurrent sentences of life imprisonment, to serve 25 years with the remainder served on probation for the aggravated child molestation charges; a sentence of five years of imprisonment for the child molestation charge; and a sentence

1

of ten years of imprisonment on the charge of enticing a child for indecent purposes; and a consecutive sentence of fifteen years imprisonment for the statutory rape charge. (*Id*. at 56-60).

Petitioner moved for a new trial on July 23, 2010, and then amended his motion on February 27, 2012. (*Id*. at 72-74; Doc. 13-7, p. 88). The trial court denied Petitioner's motion for new trial, as amended, on February 29, 2012, and Petitioner then commenced a timely appeal. (Doc. 13-10, pp. 112). On March 29, 2013, the Georgia Court of Appeals upheld Petitioner's conviction and sentence. (*Id*. at 113).

On August 8, 2014, Petitioner filed a *pro se* state application for habeas corpus relief in which he asserted fifty-three grounds for relief. (Doc. 13-13, p. 4). Following three evidentiary hearings, the state habeas court denied Petitioner's application on February 5, 2018. (*Id*. at 47). The Georgia Supreme Court then denied Petitioner's application for a certificate of probable cause on June 16, 2020. (Doc. 13-16, p. 1).

Petitioner filed this federal application for habeas relief on August 2, 2020, and amended his petition on November 25, 2020, asserting seventeen grounds for relief:

1. Ineffective assistance of appellate counsel for failing to raise issue of ineffective assistance of trial counsel for agreeing and/or conspiring with the State and the Court to suppress evidence of Petitioner's HIV positive status during both trials, by agreeing with Court and State to strike Count 7 (Reckless Conduct) from the indictment during the first trial; and, additionally, the District Attorney's and the Court's failure to protect Petitioner's right to due process and equal protection through their collusion deliberately, under false pretenses to suppress said evidence.

2. Conviction and sentences imposed for Counts 1 and 2 (Aggravated Child Molestation) are void due to the fact that O.C.G.A. § 16-6-4(c) are unconstitutional as it clearly and obviously violates Article III, Section V, Paragraph III requirements and restrictions of the Constitution for the Georgia state, subsequently robbing the trial court of subject matter jurisdiction, violating Petitioner's 5th Amendment right of due process and equal

2

protection, as well as ineffective assistance of appellate and trial counsel for not protecting Petitioner's rights by investigating said statute's constitutionality.

3. Ineffective assistance of appellate counsel to raise trial counsel's failure to communicate and properly communicate two separate plea offers.

4. Ineffective assistance of appellate counsel to raise trial lawyer's and court's failure to conduct a *Garcia* hearing when Petitioner fired trial counsel before 2nd trial, forcing him to continue to retain said court-appointed counsel through threat of representing himself.

5. Evidence was insufficient to support Petitioner's convictions[.]

6. Trial court erred in admitting unproven similar transaction "evidence[.]"

7. [O.C.G.A.] § 16-6-4(c) is null and void[.]

8. Trial court failed to exclude the Petitioner's medical records from Crisp Regional Hospital and the poisonous fruit thereof.

9. Ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel's and/or trial court's failure to conduct a *Garcia* hearing when Petitioner fired his court-appointed trial counsel before the second trial[.]

10. Ineffective assistance of appellate counsel for failing to raise the issue of trial counsel's failure to obtain a rape kit on alleged victim.

11. Ineffective assistance of appellate counsel for failing to raise issue of trial counsel's refusal to introduce physical evidence that Petitioner had been taking . . . Chantix[.]

12. Ineffective assistance of appellate counsel for failure to raise trial counsel's failure to introduce into evidence hearsay witness, Joseph Worley's taped, pretrial statement that would have prove[n] he <u>did</u> ask for a deal with the State in exchange for his testimony[.]

13. Ineffective assistance of appellate counsel, trial counsel and court to procure complete of case records to Petitioner[.]

14. Ineffective assistance of appellate counsel for failing to raise trial counsel's failure to obtain and/or object to trial court's intentional failure to charge jury that it had the constitutional power to judge both the facts and the law.

15. Ineffective assistance of appellate counsel for failing to raise trial counsel's failure to procure an expert witness testimony at State's expense to explain to jury bipolar disorder of alleged victim[.]

16. Ineffective assistance of appellate counsel for failing to appeal all grounds raised in the Motion for New Trial.

17. Ineffective assistance of appellate counsel for failing to raise trial counsel refusal to file a speedy trial demand[.]

(Doc. 1, pp. 20-32; Doc. 8, pp. 1-14).

Respondent filed his answer and response, along with numerous exhibits in support thereof, on January 13, 2021. (Docs. 12, 13).

## MOTION TO EXPAND THE RECORD

In February 2021, Petitioner filed a first motion to expand the record in which he requested copies of witness statements, transcripts from mistrial proceedings, transcripts relating to hearings on motions to quash or other liminal issues, and documents relating to crime lab testing and results. (Doc. 17). Petitioner's motion was denied, *see* (Doc. 27, pp. 2–3), and Petitioner has requested a reconsideration of that ruling by the presiding District Judge. (Doc. 28). Petitioner has also renewed many of his original requests in a new, successive motion to expand the record. (Doc. 31). For example, Petitioner again asks for copies of motions to quash, presumably to support his Fourth Amendment claim (ground eight), but as discussed below, that claim is barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976).

Petitioner also asks for trial transcripts to impeach a "jailhouse snitch" as to his motive for testifying, along with a friend of the victim whose testimony, Petitioner contends, shows that the victim was bipolar, thereby warranting the procurement of a psychological expert. (Doc. 31, pp. 5–8). Counsel did call to the jury's attention the "jailhouse snitch's" motivation, *see* (Doc. 13-8, p. 220) ("lo and behold within sixty days this indictment is dismissed against you"), and in any event, the Georgia Court of Appeals determined that ample other evidence also supported Movant's convictions. Regarding an attack on the mental state of the victim's friend, the state habeas court deferred to counsel's strategic decision not to pursue the tactic of a psychological

4

assault, and as discussed below, that state habeas court's decision warrants deference. In addition to these requests, Petitioner also asks for a transcript of the testimony of a medical witness, Dr. Ronald Hewitt. The record shows, however, that Dr. Hewitt's testimony is already available in the documents provided by the state. *See* (Doc. 13-8, p. 167) ("He said he was very upset because he was being accused of abusing a minor").

Petitioner also seeks a transcript from his initial mistrial recording the oral dismissal of the reckless conduct charge against him, *see* (Doc. 13-8, p. 14), but Petitioner fails to explain how this evidence could "demonstrate that he is … entitled to relief" on the remaining charges of which Petitioner was convicted at his second trial. *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). Finally, Petitioner seeks evidence relating to efforts by successive defense counsel to procure a rape kit. The record, however, shows that the victim waited several months to come forward with allegations of wrongdoing. (Doc. 13-8, pp. 36, 65–66). Given this delay, counsel testified at Petitioner's state habeas hearing that he concluded a rape kit would not have yielded useful exculpatory information. (Doc. 13-5, p. 59). Based, in turn, upon counsel's explanation, the state habeas court entertained and rejected a related ineffective assistance of counsel claim, and that court's ruling is entitled to deference, as discussed more below. Accordingly, because Petitioner has failed to demonstrate that the requested records would entitle him to federal habeas relief, Petitioner's successive motion to expand the record (Doc. 31) is **DENIED**.

## FACTUAL BACKGROUND

On direct appeal, the Georgia Court of Appeals summarized the facts and evidence in Petitioner's case as follows:

> Viewed in the light most favorable to the verdict, the evidence showed the following. On August 28, 2008, the 12-year-old child ran away from her grandmother's house, where she lived, to meet her boyfriend. She stopped at a trailer

home where children were playing and started talking to Huey. The child told Huey that she was 12 years old and had run away, and that she had nowhere to go. Huey said he could take her somewhere, then drove the child to his apartment. Inside the apartment, Huey and the child kissed, and Huey put his mouth on the child's breasts and vagina. Huey had the child perform oral sex on him, and he had sexual intercourse with the child. The child spent the night with Huey at his apartment, in his bed. Huey drove the child to school the next morning.

About a day later, the child told her best friend about the incident. The friend testified at trial that the child had told her that a man had taken her to his apartment and had sex with her.

A sheriff's deputy also testified, verifying the locations and descriptions of the trailer and the apartment, and the description of Huey's vehicle. The deputy testified that when he interviewed Huey, Huey initially denied but then admitted that he had taken the child to his apartment. Huey was subsequently arrested and taken to jail.

A jail inmate testified that, while he and Huey were in the jail infirmary, Huey told him that a 12-year-old girl had asked him for a ride, and that he had driven her to his apartment and had sexual intercourse with her.

A woman who was dating Huey at the time of the crimes testified that she was inside the trailer on the day the child stopped by. The child knocked on the door to her trailer and spoke to Huey, telling him she needed a ride. The woman saw Huey leave in his vehicle with the child at about 5:00 p. m, return around 8:00 or 8:30 p.m., and leave again around 11:00 or midnight. Huey did not return until the next day.

Another woman who had dated Huey testified that during their relationship, Huey possessed a videotape depicting a partially nude 14-year-old girl masturbating, that she had seen him view the videotape up to ten times, and that he had masturbated

while watching the videotape. Huey had bragged to this witness that the child was only 14 years old.

(Doc. 13-10, pp. 114-15)

## DISCUSSION

Upon review of the record, it is apparent that at least three of Petitioner's seventeen grounds for relief are procedurally defaulted, that a fourth ground fails to state a claim for relief, and that a fifth ground—Petitioner's ground eight—is barred from federal habeas review pursuant to the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976). As to the twelve remaining grounds, Petitioner has failed to show that the decisions of the state courts were contrary to or involved an unreasonable application of clearly established federal law. Accordingly, it is recommended that Petitioner's Section 2254 habeas petition be denied.

## I.      **Procedural Default**

Federal courts cannot consider claims brought by a state prisoner if "the applicant failed to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Such claims are either unexhausted or procedurally defaulted. *See, e.g., Mancill v. Hall*, 545 F.3d 935, 939-40 (11th Cir. 2008). Unexhausted claims should generally be dismissed without prejudice to allow a petitioner to exhaust. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). However, if the unexhausted state remedy is no longer available to a petitioner, it can be deemed procedurally defaulted and the federal court can dismiss the claim with prejudice. *Mancill*, 545 F.3d at 939. "A federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation." *Ward*, 592 F.3d at 1157. To show cause, the petitioner must demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court." *Ward*,

592 F.3d at 1157 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

A.      Ground One

In his ground one, Petitioner raises at least two distinct claims. One claim relates to Petitioner's HIV status, and that claim, raised before the Georgia Court of Appeals on direct review (Doc. 13-10, pp. 125–26), is addressed below on the merits. The remaining component of Petitioner's ground one asserts collusion between his counsel and the prosecution, including by consenting to the striking of the reckless conduct charge against Petitioner. This latter claim is unexhausted and now procedurally defaulted.

The record shows that Petitioner did not raise his collusion claims on direct appeal or in his certificate of probable cause before the Georgia Supreme Court. (*See* Doc. 13-14, pp. 5-8). Under Georgia law, state "habeas petitioners are required to obtain a certificate of probable cause from the Georgia Supreme Court before appealing a superior court decision denying relief." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1231 (11th Cir. 2014) (citing O.C.G.A. § 9-14-52(b)). "[C]laims not raised in an application for a certificate of probable cause are considered unexhausted on subsequent federal habeas review," *Sealey v. Warden, Georgia Diagnostic Prison*, 954 F.3d 1338, 1364 (11th Cir. 2020) (citations omitted), and the Georgia courts would "deem this claim to be successive if now raised in a second state collateral attack." *Chambers v. Thompson*, 150 F.3d 1324 (11th Cir. 1998)). *See also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citations omitted) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the

needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."). Accordingly, Petitioner's first ground for relief, with the exception of his HIV status claim, is procedurally defaulted, and hence offers no basis for relief.

      B.    <u>Grounds Two, Six, and Seven</u>

The record also demonstrates that Petitioner raised grounds two, six, and seven before the state habeas court, which found each procedurally defaulted under O.C.G.A. § 9-14-48(d). (Doc. 13-13, pp. 36-37, 39). The denial of relief under this independent state ground prevents federal habeas review of this claim. *See Ward*, 592 F.3d at 1156 (citation omitted) ("[A] state court's rejection of a federal constitutional claim on procedural grounds may only preclude federal review if the state procedural ruling rests upon 'adequate and independent' state grounds.").

Petitioner attempts to overcome the default of these claims by asserting ineffective assistance of trial and appellate counsel. (Doc. 1, p. 25; Doc. 8, p. 3). Petitioner asserted numerous claims of ineffective assistance of counsel before the state courts, against both trial and appellate counsel. None of these claims, however, alleged that either attorney failed to challenge the constitutionality of Georgia's aggravated child molestation statute as Petitioner argues in grounds two and seven. Similarly, although the claim of ineffective assistance of counsel for failure to challenge the trial court's admittance of similar transaction testimony was asserted before the state habeas court, (*see* Doc. 13-13, pp. 9-10), Petitioner failed to assert it in his certificate of probable cause before the Georgia Supreme Court. (*See* Doc. 13-14, pp. 5-8). As such, Petitioner's attempt to overcome procedural default by claiming ineffective assistance of counsel is unavailing "because the ineffective-assistance claim would also be procedurally defaulted." *Crenshaw v. Secretary, Florida Department of Corrections*, 2017 WL 6761058 at *5 (11th Cir. 2017) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000)).

Additionally, with respect to ground six, Petitioner attempts to demonstrate cause and prejudice by arguing that the state habeas court incorrectly assessed his claim. (Doc. 29, p. 26). Specifically, Petitioner contends that he did not assert this claim before the state habeas court, but instead asserted a claim that the Georgia Court of Appeals' review of this ground controverted binding precedent. (*Id*.). Even accepting Petitioner's argument as true, Petitioner did not properly exhaust ground six, both by failing to fairly present it to the state habeas court, and also by failing to raise it in a certificate of probable cause to appeal to the Georgia Supreme Court. Accordingly, Petitioner's ground six is also procedurally defaulted.

## II.      <u>Transcripts</u>

As his federal ground thirteen, Petitioner argues that trial counsel, appellate counsel, and the trial court all erred by failing to provide Petitioner with a complete copy of the record in his case. (Doc. 8, p. 11). According to Petitioner, the refusal to provide complete transcripts, even after the state habeas court's order to do so, prevented his "preparation and prosecution of his direct appeal, state habeas, and present federal petition[.]" (Doc. 29, p. 31). Petitioner, however, fails to explain how the records allegedly missing from the transcript hindered his appellate and post-conviction review. Thus, Petitioner's claim fails to state a claim for relief. *See White v. State of Florida, Department of Corrections*, 939 F.2d 912, 914 (11th Cir. 1991) ("[I]n a federal habeas corpus case brought by a state prisoner, the absence of a perfect transcript does not violate due process absent a showing of specific prejudice."); *Everett v. Secretary, Florida Department of Corrections*, 2016 WL 9825287 at *3 (11th Cir. 2016) (citation omitted) ("When a petitioner fails to show how a defective transcript prejudiced his direct appeal, he is not entitled to relief."). Accordingly, Petitioner's ground thirteen offers no basis for relief.

### III.    *Stone v. Powell*

In ground eight, Petitioner argues that the trial court erred when it admitted Petitioner's medical records collected through a stale warrant. (Doc. 8, pp. 3-4). According to Petitioner, the execution of the warrant outside the ten-day window set by Georgia law in turn violates the Fourth Amendment's protection against unreasonable searches and seizures. (*Id.* at 4). Petitioner's claim is barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976), which holds that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. The record shows that Petitioner was given the opportunity before the state courts to challenge certain medical evidence as unconstitutionally obtained, which Petitioner did. (*See* Doc. 13-10, p. 58). As such, this Court is barred from reviewing Petitioner's Fourth Amendment claim on habeas review.

### IV.    **AEDPA Deference**

The Anti-terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs a district court's jurisdiction over federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2254(d). When a state court has previously denied relief, a federal court may grant relief under Section 2254(d) only where "the state-court decisions was either (1) *contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States, or (2) *involved in an unreasonable application of* . . . clearly established Federal law as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quotation marks omitted) (emphasis in original). A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially

indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putnam v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). Furthermore, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

Regarding claims of ineffective assistance of counsel, the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 669 (1984), requires a showing that (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To satisfy the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. This means that "the Court must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). To satisfy the second prejudice prong, Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

When federal courts review a claim of ineffective assistance of counsel previously entertained by state courts, AEDPA review is doubly deferential," as "federal courts are to afford both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, 136 S.Ct. 1149, 1151 (2016) (internal quotations omitted). In these situations, a federal habeas petitioner "must also show that in rejecting his ineffective assistance of counsel claim, the state

court 'applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" *Rutherford v. Crosby*, 385 F.3d 1300, 1309 (11th Cir. 2004) (citation omitted).

A.    Ground One

As previously discussed, Petitioner raised one component of his first ground for relief before the Georgia Court of Appeals on direct review—the remaining components are procedurally defaulted—and the Georgia Court of Appeals rejected Petitioner's argument, holding that it was a reasonable strategic decision by Petitioner's trial counsel to suppress evidence of Petitioner's HIV status. *See* (Doc. 13-10, pp. 125–26). The Georgia Court of Appeals' ruling amounts to a reasonable application of federal law. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("a court must indulge a strong presumption that counsel's conduct … might be considered sound trial strategy"). Accordingly, Petitioner is not entitled to relief on ground one.

For much the same reason, Petitioner's pending motion for reconsideration, by the District Judge, of a prior order denying a subpoena request (Doc. 28) lacks merit. Petitioner contends that if counsel had introduced evidence of his HIV positive status to the jury, along with, presumably, evidence regarding the victim's HIV negative status, such evidence would have tended to disprove that Petitioner committed at least some of the sex crimes of which he stood accused. Undoubtedly though, the evidence would also have risked causing great prejudice to Petitioner. *See, e.g.* (Doc. 13-7, p. 101) (The Court: … "I have some problems as far as the stigma is concerned that this jury is going to impute some sort of guilt because of the fact that he's HIV positive"). It was not unreasonable of defense counsel to opt in favor of presenting other, less prejudicial defenses to the charges against Petitioner, and it was correspondingly not unreasonable of the state courts to defer to that strategic choice by counsel.

13

B.    Grounds Three, Four, and Nine

Petitioner raised grounds three, four, and nine before the state habeas court, which found each unavailing. (Doc. 13-13, pp. 20, 33). With respect to ground three, the state court found that Petitioner had not demonstrated ineffectiveness because both trial attorneys had communicated plea offers to Petitioner, and because appellate counsel "had no recollection of any plea offers[.]" (Doc. 13-13, p. 33).

In grounds four and nine, Petitioner argues that his appellate counsel was ineffective in failing to raise a claim related to the lack of a hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1979). *Garcia* relates to inquiry into a defendant's knowing and intelligent waiver of a conflict of interest that would otherwise disqualify his counsel. The state habeas court correctly noted that "Petitioner appear[ed] to misapprehend the purpose of such a hearing under *Garcia*, which is to determine whether a criminal defendant is validly waiving an apparent conflict of interest under which his defense counsel is operating." (Doc. 13-13, p. 20). In this case, "Petitioner simply sought to fire" his trial counsel without "any assertions of conflict." (*Id*.) Moreover, "Petitioner [] cited no authority holding that '*Garcia* hearings' are required in Georgia." (*Id*.)

Petitioner further argues the entirety of the state habeas court's order denying relief is unconstitutional. (Doc. 29, pp. 17, 20-21). According to Petitioner, the state habeas court did not make its own findings of facts and conclusions of law, but instead relied on the adverse party's brief. (*Id*.) In other words, Petitioner argues that it was unconstitutional for the state habeas court to agree with the adverse party's arguments rather than Petitioner's. This claim lacks merit. Petitioner has provided no evidence that the state habeas court did not consider the facts before it and apply those facts to the law. Petitioner also has not shown that any aspect of the state habeas

14

court's order was contrary to or based on an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented.

With respect to grounds four and nine, Petitioner challenges the state habeas court's understanding of *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1979). Petitioner argues that the state habeas court itself misapprehended the purpose of a *Garcia* hearing in light of the Supreme Court's holding in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018). In *McCoy*, which involved a direct appeal from a state death penalty judgment, the Supreme Court held that a trial court erred by ruling that trial counsel had authority to concede the defendant's guilt over the defendant's opposition.

Contrary to Petitioner's argument, *McCoy* does not address the type of conflict Petitioner alleged with respect to his trial counsel. Petitioner's counsel did not concede his client's guilt. By Petitioner's own account, he and his trial counsel simply disagreed over whether "to introduce evidence on certain issues[.]" (Doc. 29, p. 19). These are the exact types of decisions the Supreme Court has deemed "the lawyer's province[.]" *McCoy*, 138 S.Ct. at 1508. These are not the fundamental decisions, in other words, that are exclusively "reserved for the client—notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal." *Id*. (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

Petitioner has therefore failed to show that the state habeas court's decision was contrary to or involved an unreasonable application of clearly established federal law. *See Metrish v. Lancaster*, 569 U.S. 351, 357 (2012) (quoting *Harrington*, 562 U.S. at 103 (2011) ("To obtain habeas corpus relief from a federal court, a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement'")).

15

C.    Ground Five

In his federal ground five, Petitioner challenges the sufficiency of the evidence against him. Petitioner raised this argument before the Georgia Court of Appeals on direct review, and the Georgia Court of Appeals rejected it. (Doc. 13-10, pp. 112–17).

The Georgia Court of Appeals' ruling does not amount to an unreasonable application of clearly established federal law. *Cf. Eckman v. Williams*, 151 F. App'x 746, 748 (11th Cir. 2005). As that Court noted, Movant's convictions are supported by testimony from a sheriff's deputy, a jail inmate, Petitioner's former love interests, and by testimony from the victim herself. Accordingly, Petitioner is not entitled to relief on his ground five.

D.    Ground Ten

Petitioner unsuccessfully asserted ground ten, contesting trial counsel's failure to obtain a rape kit on the victim, before the state habeas court. (Doc. 13-13, p. 19).  That court noted that Petitioner did not question his appellate counsel over the issue during a hearing, and the state habeas court therefore concluded that Petitioner "made no attempt to overcome *Strickland*'s 'strong presumption' that counsel's actions were strategic and fell with the wide range of reasonable assistance." (*Id*. (citations omitted)). Moreover, the court concluded that Petitioner had not shown prejudice given the lack of "evidence indicating what information a sexual assault kit performed on the victim would have shown." (*Id*. at 35).

Petitioner argues that the state habeas court's decision was an unreasonable application of *Strickland* in that it failed to consider his allegation that a rape kit could have revealed "an intact hymen[.]" (Doc. 29, p. 28). Petitioner fails, however, to address the state court's additional finding that he made no effort to question his appellate counsel over this issue. Thus, Petitioner has failed to establish that the state habeas court's decision was erroneous or contrary to the *Strickland*

standard. Absent evidence to the contrary, Petitioner has not met his burden to overcome deference. *See Metrish*, 569 U.S. at 357 (quoting *Harrington*, 562 U.S. at 103).

E.      Grounds Eleven, Twelve, Fourteen, and Fifteen

Petitioner previously raised each of these grounds before the state habeas court, which found each unavailing. With respect to grounds eleven and twelve, the state habeas court determined Petitioner failed "to question [appellate counsel] at all about why [appellate counsel] did not raise the trial counsel ineffective claim[.]" (Doc. 13-13, p. 19).

As to ground fourteen, the state court concluded that "the trial court properly charged the jury on its authority to instruct it on the law, and the jury's power to determine the facts and apply the charged law to those facts." (Doc. 13-13, p. 22 (citations omitted)). Petitioner's contention that the court should have charged the jury "that it had the constitutional power to judge both the facts and the law" is inconsistent with the law. The trial court charged the jury

> Your responsibility is to determine the facts of the case from all the evidence that's been presented and then take the facts that I give you and by making that comparison of fact to law and law to fact, make a decision, come up with a verdict that you believe speaks the truth in this particular case.

(*Id.*)

This charge is consistent with clearly established law, which provides that it is the court's province "to instruct the jury on the law and to insist that the jury follow his instructions," while it is the jury's province "to determine the facts" and "to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." *United States v. Gaudin*, 515 U.S. 506, 513-514 (1995).

Finally, considering ground fifteen, the state court noted that appellate counsel "did not believe he should have alleged trial counsel ineffectiveness for [the] failure to call an expert witness to testify about the victim's alleged bi-polar disorder." (Doc. 13-13, p. 22). Moreover, the

court found Petitioner's claim to be purely speculative as he "presented no testimony from an expert to show what could have been presented in this regard." (*Id*.) Given these findings, the state habeas court ruled that Petitioner had not met his burden of demonstrating prejudice as required under *Strickland*. (*Id*. at 19, 22-23).

Petitioner argues that the state habeas court did not consider these grounds, and therefore, that he never received a ruling on their merits. (Doc. 8, p. 10; Doc. 29, p. 23, 30). The state habeas court's order shows that the court did consider and address these claims, as noted above. (*See* Doc. 13-13, pp. 7, 9, 19, 22-23). Additionally, Petitioner has failed to show that the state habeas court applied *Strickland* in an objectively unreasonable manner, and nothing in the record indicates that the court did so. Therefore, the state habeas court's decision warrants deference. *See Metrish*, 569 U.S. at 357 (quoting *Harrington*, 562 U.S. at 103).

F.   Ground Sixteen

Petitioner asserted ground sixteen unsuccessfully before the state habeas court. (Doc. 13-13, p. 23). In ground sixteen, Petitioner broadly alleges that his appellate counsel was ineffective "for failing to appeal all grounds raised in the Motion for New Trial." (Doc. 8, p. 13). Such general claims of ineffectiveness based on appellate counsel's failure to raise every possible claim are unavailing on habeas review. It is clearly established that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Nevertheless, the state court addressed each of the claims that Petitioner argued should have been raised by appellate counsel and determined that each underlying claim was without merit. (Doc. 13-13, pp. 23-33). According to the state habeas court, the asserted claims either were not errors on trial counsel's or the trial court's part, were not preserved for appeal, or were in fact

presented by appellate counsel. (*Id*.) Therefore, the court concluded that Petitioner had failed to demonstrate appellate counsel was ineffective for failing to assert these claims on appeal. (*Id*. at 23).

Petitioner argues that the state habeas court's order fails to rebut appellate counsel's ineffectiveness, other than relying on appellate counsel's testimony that the claims were meritless. (Doc. 29, p. 32). According to Petitioner, this reliance "explains nothing as to why this rebuts Petitioner's claims that this *was* ineffective." (*Id*. (emphasis in original)). As noted above, the record shows, to the contrary, that the state habeas court went through each claim Petitioner argued should have been raised on appeal and found each to be without merit. Petitioner has made no effort to show how any aspect of the state court's analysis as to each specific claim was contrary to clearly established federal law or based on an unreasonable determination of the facts. Thus, Petitioner has not shown that he was prejudiced, in accordance with *Strickland*, by appellate counsel's refusal to assert these claims. Petitioner has therefore failed to establish that the state habeas court's decision was erroneous or contrary to *Strickland* or other clearly established federal law.

### G.    Ground Seventeen

As his seventeenth ground, Petitioner argues that his appellate counsel should have raised on appeal trial counsel's failure to make a speedy trial demand. The state habeas court found that this ground was not supported by the record. (Doc. 13-13, p. 19). According to the state habeas court, trial counsel "advised against filing such a demand, for reasons favorable to Petitioner" and his second trial counsel "did not recall the lack of [a] speedy trial demand being a viable issue in the case." (*Id*.) As the state habeas court observed, under Georgia law, "[w]hether to file a demand for speedy trial is usually a matter of trial tactics and strategy, as a delay in bringing the case to

trial may work to a defendant's advantage." (Doc. 13-13, p. 20) (citing *Jones v. State*, 296 Ga. 561, 596 (2015)). Thus, appellate counsel was, in turn, not ineffective for failing to raise this claim on appeal. (*Id*.).

Petitioner challenges the state habeas court's decision as contrary to the *Strickland* standard because the court did not state what the "reasons favorable to Petitioner" were. (Doc. 8, p. 14). Although the state habeas court did not give specific reasons, the court did reference two of trial counsel's letters to Petitioner enumerating "several reasons why he thought not filing a demand would likely prove favorable in a case like Petitioner's." (Doc. 13-13, p. 17 (citing Doc. 13-5, pp. 88-90)). Petitioner has not shown that this decision was "outside the wide range of professionally competent assistance" acknowledge in *Strickland*, 466 U.S. at 690, or that he was prejudiced by this tactical decision. As such, Petitioner has failed to demonstrate that the state habeas court applied *Strickland* in an objectively unreasonable manner, and accordingly, that court's decision warrants deference. *See Metrish*, 569 U.S. at 357 (quoting *Harrington*, 562 U.S. at 103).

<u>**CONCLUSION**</u>

Because Petitioner is not entitled to relief under § 2254, it is **RECOMMENDED** that his petition be **DENIED**. Furthermore, pursuant to the requirements of <u>Rule 11 of the Rules Governing Section 2254 Cases</u>, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is further **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge will make a de novo

determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 2nd day of September, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge